

FILED by MB   D.C.
ELECTRONIC

Nov. 26, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ERICK PINTO, **08-23296-CIV-HOEVELER/GARBER**
    Plaintiff,

vs.

CACH, LLC,
RICHARD VALLE, and
LAW OFFICES OF HAROLD E. SCHERR, P.A.,
    Defendants.

_____/

## COMPLAINT
### (Jury Demand)

**Introduction**

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (''FDCPA'').

**Jurisdiction**

2. This Court has jurisdiction according to 28 U.S.C. §§ 1331 and 1337(a), and 15 U.S.C. § 1692k(d).

3. Declaratory relief is available according to 28 U.S.C. §§ 2201 and 2202.

**Venue**

4. Venue in this District is proper, according to 28 U.S.C. § 1391, because defendants transact business here and the conduct complained of occurred here.

**Parties**

5. Plaintiff **ERICK PINTO** ("PINTO") is a natural person residing at all

relevant times in Miami-Dade County, Florida.

6. Plaintiff is a ''consumer'' as defined by the FDCPA, 15 U.S.C. §
1692a(3).

7. Defendant **CACH, LLC**, ("CACH") is a corporation with its principal
place of business in Denver, Colorado.

8. Defendant CACH is a licensed (# LI00000643216) consumer debt
collector in the State of Florida.

9. Defendant **LAW OFFICES OF HAROLD E. SCHERR, P.A.**,
("FIRM") is a professional association engaged in the business of collecting debts
in this District, with its principal place of business located in Lake Mary, Florida.

10. The principal business of FIRM is the collection of debts, for which it
uses the mails and telephone, and it regularly attempts to collect debts alleged to be
due another.

11. Defendant **RICHARD VALLE** ("LAWYER") is a natural person
employed by FIRM as an attorney at all times relevant to this complaint.

12. LAWYER was an employee of and agent for FIRM acting within the
course and scope of his employment at the time of the incidents complained of in
this complaint and was under the direct supervision and control of FIRM at all
times relevant to this complaint.

13. The actions of LAWYER are imputed to FIRM.

14.  The actions of LAWYER and FIRM are imputed to CACH.

15.  Defendants CACH, FIRM and LAWYER are ''debt collectors'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

16.  On 5 December 2007, CACH, through LAWYER and FIRM, filed a complaint in the County Court of Miami-Dade County, seeking to collect a consumer debt from PINTO.  A copy of the state court complaint is attached as exhibit *A*.

### *Not Reporting Disputed Debt As Disputed*

*17.*  On 4 April 2008, PINTO put CACH on notice that he disputed the debt. A copy of the notice is attached as exhibit *B*.

18.  CACH reported PINTO's debt to credit bureaus.

19.  Despite being on notice that PINTO disputed the debt, CACH failed to report to the credit bureaus that the debt was disputed.  A redacted copy of the relevant pages of PINTO's Experian and TransUnion credit reports are attached as exhibit *C*.

### *Claiming Bogus Attorney Fees Entitlement*

20.  Count II of the state court complaint alleged an "account stated" cause of action.

21.  In Count II of the state court complaint, CACH, LAWYER and FIRM

attempted to collect "attorney fees".

22.  At the time of the filing of the state court complaint, CACH, LAWYER and FIRM knew or should have known that they were not entitled to attorney's fees in connection with the "account stated" claim.

### *Claiming Bogus 10% Flat Attorney Fees*

23.  Along with the summons and complaint, CACH, LAWYER and FIRM served on PINTO a "Notice Required By The Fair Debt Collection Practices Act". A copy of the notice is attached as exhibit *D*.

24.  The notice claimed attorney's fees of $712.62.

25.  The fees claimed in the notice were a flat 10% of the amount alleged in the complaint (*i.e.*, $7,126.21).

26.  The fees claimed in the notice were not the actual fees incurred by CACH as a result of LAWYER and FIRM drafting the form complaint.

27.  CACH did not incur, owe or pay LAWYER or FIRM the $712.62 claimed in the notice.

### *Misstating The Amount Of The Debt*

28.  The notice (exhibit *D*) asserted that: "The amount of the debt is set forth in the complaint which is attached to this notice and the proceeding [sic?] page."

29.  The amount of the debt alleged in the complaint was alleged to be "$7,126.21 plus interest, costs and reasonable attorney's fees and such other and

further relief as the Court may deem just and proper".

30. The amount of debt alleged in the "proceeding" page was $9,336.11.

**COUNT I**
**(Violation of the FDCPA: Not Reporting Disputed Debt As Disputed)**
**[CACH]**

31. Plaintiff realleges and incorporates here paragraphs 1 through 30.

32. **CACH** violated 15 U.S.C. § 1692e(8) by failing to communicate to the credit bureaus that the debt was disputed.

33. CACH's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of its violation of the FDCPA, CACH is liable to the Plaintiff for declaratory judgment that its conduct violated the FDCPA, and for actual damages, statutory damages, costs and attorney's fees.

35. WHEREFORE, Plaintiff prays that this Court enter judgment against CACH for:

A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202, that CACH's conduct violated the FDCPA;

B. Actual damages, According to 15 U.S.C. § 1692k(a)(1);

C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A);

D. Costs, According to 15 U.S.C. § 1692k(a)(3);

E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

## COUNT II
### (Violation of the FDCPA: Claiming Bogus Attorney Fees Entitlement ) [CACH, LAWYER, FIRM]

36. Plaintiff realleges and incorporates here paragraphs 1 through 30.

37. **CACH, LAWYER** and **FIRM** violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt when they did not have the right to do so, that is, asserting entitlement to attorney's fees in their "account stated" claim in the state court complaint.

38. **CACH, LAWYER** and **FIRM** violated 15 U.S.C. § 1692e by falsely representing the character, amount or legal status of the debt, by alleging that PINTO owed CACH attorney's fees on the state court complaint based on the "account stated" claim.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of their violation of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for actual damages, statutory damages, costs and attorney's fees.

41. WHEREFORE, Plaintiff prays that this Court enter judgment against CACH, LAWYER and FIRM for:

A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202, that Defendants' conduct violated the FDCPA;

B. Actual damages, According to 15 U.S.C. § 1692k(a)(1);

C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A);

D. Costs, According to 15 U.S.C. § 1692k(a)(3);

E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

### COUNT III
### (Violation of the FDCPA: Claiming Bogus 10% Flat Attorney Fees )
### [CACH, LAWYER, FIRM]

42. Plaintiff realleges and incorporates here paragraphs 1 through 30.

43. **CACH**, **LAWYER** and **FIRM** violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt when they did not have the right to do so, that is, asserting entitlement to a 10% flat rate attorney's fee.

44. **CACH**, **LAWYER** and **FIRM** violated 15 U.S.C. § 1692e by falsely representing the character, amount or legal status of the debt, by claiming a flat 10% attorney's fee.

45. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of their violation of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for actual damages, statutory damages, costs and attorney's fees.

47. WHEREFORE, Plaintiff prays that this Court enter judgment against

CACH, LAWYER and FIRM for:

A. Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202, that Defendants' conduct violated the FDCPA;

B. Actual damages, According to 15 U.S.C. § 1692k(a)(1);

C. Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A);

D. Costs, According to 15 U.S.C. § 1692k(a)(3);

E. Reasonable attorney's fees, According to 15 U.S.C. § 1692k(a)(3).

**COUNT IV**
**(Violation of the FDCPA: Misstating The Amount Of The Debt )**
**[CACH, LAWYER, FIRM]**

48. Plaintiff realleges and incorporates here paragraphs 1 through 30.

49. **CACH**, **LAWYER** and **FIRM** violated 15 U.S.C. § 1692e by misleadingly representing the character, amount or legal status of the debt, by ambiguously stating the amount of the debt in the state court complaint and in the notice.

50. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

51. As a result of their violation of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and for actual damages, statutory damages, costs and attorney's fees.

52. WHEREFORE, Plaintiff prays that this Court enter judgment against

CACH, LAWYER and FIRM for:

A.  Declaratory judgment, According to 28 U.S.C. §§ 2201 and 2202, that

Defendants' conduct violated the FDCPA;

B.  Actual damages, According to 15 U.S.C. § 1692k(a)(1);

C.  Statutory damages, According to 15 U.S.C. § 1692k(a)(2)(A);

D.  Costs, According to 15 U.S.C. §  1692k(a)(3);

E.  Reasonable attorney's fees, According to 15 U.S.C. §  1692k(a)(3).

## JURY TRIAL DEMAND

53.  Plaintiff demands trial by jury.

Dated 2008-11-25

LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679
(305) 669-5260; (305) 328-9301 [fax]
LeoBueno@USA.net

By: Leo Bueno, Fla. Bar #: 716261

U:\CLIENTS\0161-FDCPA-complaint.doc

SCH-205555

IN THE COUNTY COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY, FLORIDA

COUNTY CIVIL DIVISION
CASE NO. _____

CACH, LLC
      **Plaintiff,**

vs.

ERICK J. PINTO
      **Defendant.**

_____/

## COMPLAINT

**COMES NOW** the Plaintiff, CACH, LLC, by and through his undersigned attorney, sues Defendant

ERICK J. PINTO, and alleges:

## GENERAL ALLEGATIONS

1. This is an action for damages in an amount greater than $5,000.00, but less than or equal to

$15,000.00, exclusive of interest, costs and attorney fees, and comes within the jurisdiction of this Court.

2. Plaintiff is a foreign corporation licensed to do business in the state of Florida.

3. Defendant ERICK J. PINTO is a resident of MIAMI DADE County, Florida.

4. All conditions precedent to the bringing of this action have been performed, have occurred or have

been waived.

## COUNT I

### (BREACH OFCONTRACT)

5. Plaintiff realleges the allegations of paragraph 1-4.

6. The Defendant and "Original Creditor" BANK OF AMERICA, N.A. ("Creditor") entered into an

Account Agreement (the "Agreement") allowing Defendant to receive cash advances and to purchase goods and

services at different places which honored the credit account (the "Account") as issued by Creditor.



CACH, LLC vs. ERICK J. PINTO
COMPLAINT

7. In connection with Defendant's Account with Creditor (account number: 4800113991267480), an Account Agreement was sent to Defendant. An exemplary copy of an Original Creditor account agreement is attached hereto and incorporated herein as Exhibit "A."

8. Defendant obtained cash, products and/or goods and services in accordance with the account agreement, said purchases being at the prices charged.

9. In reliance on the terms and conditions of the agreement, including but not limited to the Defendant promises to repay all charges and debts, the Creditor extended credit and/or issued funds to the Defendant, but the account remains unpaid.

10. By using that credit and/or accepting those funds, and/or by receiving the benefit thereof, the Defendant created a contract with the Creditor based upon the terms and conditions of the agreement.

11. The Plaintiff has purchased that contract from the Creditor, and now owns and holds all rights relative thereto, as evidenced by a copy of the Bill of Sale, Affidavit of Sale, Account information, Certificate of Assignment, and/or Business Records Affidavit, attached hereto and incorporated herein as Exhibit "B." Accordingly, the Plaintiff is lawfully entitled to enforce that contract and receive the full benefit thereof.

12. The Defendant has breached that contract by failing and/or refusing to repay either the full balance due or the minimum monthly payment promised since December 9, 2004.

13. As a direct and proximate result of the defendant's breach, Plaintiff has suffered damages in the amount of $ 7,126.21 and is entitled to interest, costs and reasonable attorney fees.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for the sum of $ 7,126.21 plus interest, costs and reasonable attorney fees and such other and further relief as the Court may deem just and proper.

- 2 -

CACH, LLC vs. ERICK J. PINTO
COMPLAINT

## COUNT II

### (ACCOUNT STATED)

14. Plaintiff incorporates and realleges paragraphs 1-11.

15. In accordance with the transactions made by the Defendant on the Account heretofore mentioned, Plaintiff and Defendant agreed to the resulting balance.

16. Creditor rendered statement(s) of it to the Defendant, a copy is attached hereto and incorporated herein as Exhibit "C," and Defendant did not object to the statement.

17. The Defendant owes the plaintiff $ 7,126.21 plus interest, costs and reasonable attorney fees.

**WHEREFORE,** Plaintiff demands judgment against the Defendant for the sum of $ 7,126.21 plus interest, costs and reasonable attorney fees and such other and further relief as the Court may deem just and proper.

**Law Office of Harold E. Scherr**

**Richard Valle, Esq.**  FBN 0017128
1064 Greenwood Blvd, Suite 328
Lake Mary, Florida 32746
Telephone: (407)995-3004/(866)431-7117
Facsimile: (407)995-3011
Attorney for Plaintiff

**SCH-205555**

- 3 -

## VISA® OR MASTERCARD® CARDMEMBER AGREEMENT

### YOUR ACCOUNT

### YOUR CREDIT LINE

### AUTHORIZATIONS

WE ARE PROVIDING YOU WITH THIS INDEX TO COMPLY WITH FEDERAL AND STATE

BC5-6743 4-99

© 1998 Bank of America

### YOUR BILLING RIGHTS
KEEP THIS NOTICE FOR FUTURE USE

EXHIBIT "A" 2 OF 4

If the Index is unavailable on the Index Date described above, we may at our option, use: (a) the Index on the next available day after the Index Date, or (b) the reference rate of Bank of America NT&SA as an Index.

The Daily Periodic Rate is the related Annual Percentage Rate divided by the number of days in the year rounded to the next highest hundred thousandth of a percentage point.

**Promotional Balances**

Annual Percentage Rate ("APR") of 3.9% (0.010684% corresponding Daily Periodic Rate) effective through the sixth billing cycle following the month your Account was opened. Thereafter, the Purchase APR below will apply to your purchases.

**Purchases**

The Annual Percentage Rate for purchases, a variable rate, adjustable quarterly, is The Wall Street Journal prime rate ("Index") plus 9.99 percentage points. Based on this formula, the current Annual Percentage Rate is 16.74% (0.04587% corresponding Daily Periodic Rate).

**Cash Advances:**

The Annual Percentage Rate for cash advances, a variable rate, adjustable quarterly, is the Index plus 12.99 percentage points, with a minimum Annual Percentage Rate, of 19.9%. Based on this formula, the current Annual Percentage Rate is 20.74% (0.05683% corresponding Daily Periodic Rate).

**Payment Performance**

The Annual Percentage Rates described in this Additional Disclosure at all times are subject to the Payment Performance pricing described in the Cardmember Agreement. The current Annual Percentage Rate is 20.74% (0.05683% corresponding Daily Periodic Rate).

**YOUR PAYMENTS**

**Minimum Payment Due and Payment Due Date:**
The Minimum Payment Due is equal to the greater of: (a) the Current Minimum Amount Due (2.5% of the New Balance, $10 minimum) plus any Past Due Amount or (b) any Overlimit Amount. If the New Balance is $10 or less, however, the Minimum Payment Due is the entire New Balance. Your Payment Due Date will be 30 days from the Billing Date if you paid the New Balance by the Payment Due Date in your previous billing cycle, or 25 days from the Billing Date if you did not pay the New Balance by the Payment Due Date.

**OTHER CHARGES**

| | |
|---|---|
| Late Charge: | $29 |
| Overlimit Fee: | $29 |
| Returned Payment Fee: | $35 |
| Stop Payment Fee: | $15 |
| Copy Charge: | $3 per item |
| Research Fee: | $15 per hour |

**Affiliate Information Sharing**   Federal law permits us to share with Bank of America affiliate companies information about you or your Account. In addition, we may share with our Affiliate information received from outside sources, including information in your Account application ("Outside Information"). If you do not wish us to share Outside Information, you must write to Bank of America, P.O. Box 37025, Richmond, VA 23261-7025 to do so, and include your name, address, telephone number, Account number(s) and social security number.

**POINT EARNINGS AND REWARDS**

1. You will accrue a cash rebate equal to the following percentages of your annual Purchases: .50% of the first $4,000, .75% of the next $4,000, 1% of the next $4,000, and 2% of the next $3,000.

2. Your monthly Bank-Americard Rewards Billing Statement will show your Cash Rebate earnings, and new Cash Rebate balance.

3. Your Cash Rebate earnings will be limited to your first $15,000 of purchases annually beginning with your October billing cycle and ending with your September billing cycle.

4. Every October, Cash Rebates earned for the previous year (October – September billing cycles) will be calculated. Cardmembers who have earned a Cash Rebate of $2.01 or more will be mailed a check for the amount of their rebate. Cardmembers who have earned a Cash Rebate of $2.00 or less will receive a credit to their account.

5. Your Cash Rebate will be forfeited if:
   • You are in default of your Cardmember Agreement (e.g., you do not make your Minimum Payment Due by the Payment Due Date); or
   • Your BankAmericard Rewards Account is closed by you or by us.

6. We have the right to suspend or terminate this Program at any time. We also have the right to add, eliminate or modify the Cash Rebate earning and redemption structures.

7. Cash Rebate checks, once received by you, will not be replaced if stolen, lost, destroyed or expired.

8. You will be solely responsible for any federal or state tax liability or reporting on your Cash Rebate.

9. Cash Rebate dollars do not constitute your property.

10. Cash Rebate checks which are not presented for deposit or payment by you within 90 days will be void, and you will forfeit any right to the proceeds which will become the property of Bank of America N.A.

**EXHIBIT "A" 3 OF 4**

## Bank of America

### BANKAMERICARD,
### VISA® OR MASTERCARD®
### CARDMEMBER AGREEMENT

### ADDITIONAL DISCLOSURE

The following terms are for your Visa, MasterCard, Visa Gold, Gold MasterCard or Platinum Reserve™ Account ("Account"). Except for the terms below, the terms in the enclosed Cardmember Agreement apply. If there is a conflict, the terms in this Additional Disclosure will control.

**YOUR ACCOUNT**

*Overdraft Protection.*
If your Bank of America personal checking account is overdrawn and your Account is linked for Overdraft Protection, we may transfer funds from your Account to cover the overdraft (in multiples of $100), as long as your Account has sufficient available credit and you are not in default under this Agreement. If your checking account is closed or blocked, Overdraft Protection may not be available.

**FINANCE CHARGE**

*Minimum Finance Charge.*
50¢ in any billing cycle in which a Finance Charge based on a periodic rate for Purchases is payable.

*Cash Advance Fees.*
Cash Advances and Account Checks -- 3% ($3 minimum)
Overdraft Protection -- 3% ($5 minimum)
Cash Disbursements -- 3% ($10 minimum)
Quasi Cash -- 4% ($20 minimum)

**PERIODIC RATES**

Each quarter, we compute the Annual Percentage Rate by starting with an Index which is the Prime Rate (the base rate on corporate loans, at large U.S. money center commercial banks) that is published in The Wall Street Journal ("Index"). We use the Index in effect on the following dates to calculate your rates in the following billing cycles:

We will determine your Index as follows:

| Index on the Last Business Day in: | Applies to Billing Cycles with Billing Dates in: |
|---|---|
| November | January, February, March |
| February | April, May, June |
| May | July, August, September |
| August | October, November, December |

♻ Recycled Paper

© 1999 Bank of America

BC-6073 PR 3-99

EXHIBIT "A" 4 OF 4

### ACCOUNT INFORMATION REPORT

**ACCOUNT#:**   14193247070200853

**Forwarder:** CACH024/BANK OF AMERICA-P
**Acct#:** 4800113991267480

**Original Creditor:** BANK OF AMERICA, N.A.
**Debt Type:** CC

**STATUS:** NEW BUSINESS

**Assigned to:** READY_TO_FILE

**WIP#** 101005   **Days Left** 0

**FINANCIAL**

| | Placement | |
|---|---|---|
| 02/20/2007 | | $7,126.21 |
| | Last Payment | |
| | | $0.00 |
| Principal | | $7,126.21 |
| Interest | | $1,161.28 |
| Attorney | | $0.00 |
| Court | | $0.00 |
| Misc | | $0.00 |
| **BALANCE** | | $8,287.49 |

---

### Personal Information

**Debtor  1**

First ERICK

MI J   Last Name PINTO

Address
City
Country

ST FL   Zip ███
Province

Work Tel
Ext

Home Tel ███████
Fax

SS# ███████
DOB ███████
Spouse

Driver's License #
State

### Debt

Service Provided CREDIT CARD

| Placement Breakdown | |
|---|---|
| Principal | $7,126.21 |
| Awarded Int | |
| Attorney Fees | |
| Court Costs | |
| Misc Costs | |
| Accrued Int | |
| Total Placement | $7,126.21 |

**Debt Type**  Credit Cards

Last Payment Date  12/09/2004
Last Payment Amount    $200.00
Last Charge Date
Last Charge Amount

| Original Loan Terms | |
|---|---|
| Contract Date | |
| Number of Payments | |
| Interest Rate % | 30.24 |
| Collateral | |

Original Loan Amount
Amount of Payments
Serial/Vin Number

EXHIBIT "B" 1 OF 5

## ACCOUNT INFORMATION REPORT

ACCOUNT#:   14193247070200853                          FINANCIAL

Forwarder:  CACH024/BANK OF AMERICA-P                        Placement
     Acct#:  4800113991267480                    02/20/2007     $7,126.21
                                                          Last Payment
Original Creditor:  BANK OF AMERICA, N.A.                            $0.00
        Debt Type:   CC                           Principal     $7,126.21
                                                  Interest     $1,161.28
                                                  Attorney         $0.00
STATUS:  NEW BUSINESS                                 Court         $0.00
                              WIP#    Days Left    Misc            $0.00
Assigned to:  READY_TO_FILE   101005    0
                                                  BALANCE      $8,287.49

---

**Media**

    OPEN DATE: 1/18/2000
    C/O DATE: 2/17/2005
    ORIG ACCT #
    4800113074370276
    INDIVIDUAL
    CUT OFF DATE WARRANTY PURPOSE ONLY
    2/10/2007
    * DEBTOR 1 ERICK J PINTO OWNS INPUT PROPERTY
    ADDRESS: ██████████████████████
    CITY: ████████
    COUNTY: ****
    STATE: ██
    ZIP: █████████
    OWNER: PINTO ERICK J
    OWNER OCCUPIED: Y
    TTL ASSED VAL: $63057
    TTL MARKET VAL: $109040

EXHIBIT "B" 2 OF 5

## CERTIFICATE OF ASSIGNMENT

JAY MILLS

I, _____, hereby depose and state that:

1.  I am an Authorized Agent for the Plaintiff, CACH, LLC

2.  As Such, I am authorized to give this Certificate, and possess sufficient personal knowledge to do so.

        Customer Name:    PINTO, ERICK J
        Original Creditor:  BANK OF AMERICA, N.A.
        Account Number:  4800113991267480

3.  This account was issued by the original creditor BANK OF AMERICA, N.A.. CACH, LLC is the current owner of the account and purchased the account for good & valuable consideration.

4.  This account shows a charge-off date of 02/17/2005.

5.  This account was purchased with a past due balance showing of $7,126.21.

6.  The current balance is $7,126.21 plus any accrued interest.

Date: 9/26/2007

By: _____

                           Authorized Agent

EXHIBIT "B" 3 OF 5

CACH, LLC             §
Plaintiff             §
            §
            §
V.             §
            §
            §
PINTO, ERICK J             §
Defendant             §

## BUSINESS RECORDS AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared

JAY MILLS

_____, who swore on oath the following facts are true:

JAY MILLS

"My name is _____. I am of sound mind, capable of

making this affidavit, and personally acquainted with the facts herein stated.

"I am a custodian of records of CACH, LLC. Attached hereto are records from CACH,

LLC. These records are kept by CACH, LLC in the regular course of business, and it was

the regular course of business of CACH, LLC for an employee or representative of

CACH, LLC with knowledge of the act, event, condition, opinion, or diagnosis recorded

to make the record to transmit information thereof to be included in the record, and the

record was made at or near the time or reasonably soon thereafter. The records attached

hereto are the original or exact duplicates of the original."

JAY MILLS

_____
Affiant

_____
Signature

SWORN TO AND SUBSCRIBE before me on _____ SEP 2 6 2007 _____

CHANTEL CORDOVA
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 07/11/2011

Notary Public, State of _____ COLORADO _____

EXHIBIT "B" 4 OF 5

March 1, 2007

Bill of Sale

Mr. John Curry
Collect America, Ltd.
370 17th Street
Suite 5000
Denver, CO 80202

RE:   Sale of Charged-Off Receivables
      Post Agency Card Sale – February 10, 2007

This letter will confirm the terms under which FIA Card Services, N.A. will sell to Worldwide
Asset Purchasing II, LLC the following receivables:

| Month Sale Occurred | Month Accounts Charged-Off | NO. OF ACCOUNTS | PRICE | PRINCIPLE BALANCE |
|---|---|---|---|---|
| February 2007 | N/A | 11,867 | ▓▓▓▓ | ▓▓▓▓ |

A wire for $2,862,539.60 has been received for payment of the purchase price.  Please call me at
(602) 597-3737  if you require additional information to confirm the sale.

Sincerely,

Jim Novosad
Senior Vice President

4193 - 4194

EXHIBIT "B" 5 OF 5

## CACH, LLC
370 17th Street Suite 5000
Denver, CO 80202-5690

| Statement Date |
|---|
| Wednesday, November 28, 2007 |

| Account Number |
|---|
| 4800113991267480 |

| Balance |
|---|
| $8,287.49 |

| Amount Due |
|---|
| $8,287.49 |

PINTO, ERICK J

| Payment Due Date |
|---|
| Wednesday, November 28, 2007 |

CACH, LLC has purchased this BANK OF AMERICA, N.A. account and is now the owner of this account.

**Total Balance Due**      **$8,287.49**

| Payments received at the above listed address will be posted that business day | Please send inquiries or correspondence to 370 17th St Suite 5000 Denver, CO 80202-5690<br><br>or call toll-free 1-877-248-8343 |
|---|---|

EXHIBIT "C" 1 OF 1



**CACH, LLC**, Plaintiff,

vs

**ERICK J. PINTO**, Defendant.

_____/

COUNTY COURT
MIAMI DADE COUNTY, FLORIDA
Case No.: **07-34610 CC 23 (1)**

# FDCPA DISPUTE NOTICE

Defendant (if it were not already plainly obvious by the fact that Defendant

has hired counsel to litigate this case), according to 15 U.S.C. §§ 1692g and 1692e

**disputes** and **refuses to pay** all or part of the debt alleged by Plaintiff in this case.

### Certificate of Service

WE CERTIFY that on ~~2008-04-08~~ we served a copy

of this document by DELIVERY FAX MAIL e-MAIL on:

Richard Valle, Esq.
LAW OFFICE OF HAROLD E. SCHERR
1064 Greenwood Blvd., Suite 328
Lake Mary, FL  32746
407-995-3004; 407-995-3011 [fax]
RValle@ScherrLaw.com

LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679
Coral Gables, FL  33114-1679
(305) 669-5260; (305) 328-9301 [fax]
LeoBueno@USA.net



C:\DATA\CLIENTS\0161-invoke-rules-civil-procedure.doc

By: Leo Bueno, Fla. Bar #: 716261

# ::::Experian™
A world of insight

Pr___ed for
ERICA J PINTO
**Report number**
**2727823815**

**Report date**
December 06, 2007
www.experian.com/disputes
Call 1 800 509 8495

**Page 5 of 22**

## Potentially negative items or items for further review continued

### CACH LLC
370 17TH ST STE 5000
DENVER CO 80202
No phone number available
**Partial account number**
14193247070200853

| Date opened | Feb 2007 | Type | Collection | Credit limit or original amount | $7,126 | Recent balance | $7,126 as of Nov 2007 | Status: Collection account. $7,126 past due as of Nov 2007. |
| Date of status | May 2007 | Terms | 1 Months | High balance | NA | | | Account history: |
| Last reported | Nov 2007 | Monthly payment | NA | | | | | Collection as of May 2007 to Nov 2007 |
| Reported since | May 2007 | Responsibility | Individual | | | | | This account is scheduled to continue on record until Mar 2011. |

### Original creditor: BANK OF AMERICA N.A.



| Date opened | | Type | Revolving | Credit limit or original amount | $ | Recent balance | NA | Status: |
| Date of status | | Terms | NA | High balance | $ | | | Account history: |
| Last reported | | Monthly payment | NA | | | | | Creditor's statement: |
| Reported since | | Responsibility | Individual | | | | | Comment: |

*See History of account balances for additional information*

0183669859   L-209-01697-0311000




EXHIBIT
C

Consumer Credit Report for ERICK J. PINTO

Balance:
Date Updated:
Original Amount:
Original Creditor:
Past Due:

Pay Status:
Account Type:
Responsibility:

Loan Type:
Remarks:
Date placed for collection:
Estimated date that this item will be removed:

Balance:
Date Updated:
High Balance:
Credit Limit:

Pay Status:
Account Type:
Responsibility:
Date Open:
Date Closed:
Date Paid:

Loan Type:
Remarks:
Estimated date that this item will be removed:

Balance:
Date Updated:
High Balance:
Credit Limit:
Past Due:

Pay Status:
Account Type:
Responsibility:
Date Open:
Date Closed:

Loan Type:
Remarks:
Estimated date that this item will be removed:

Balance:
Date Verified:
High Balance:
Credit Limit:

Pay Status:
Account Type:
Responsibility:
Date Open:
Date Closed:
Date Paid:

Loan Type:
Remarks:
Estimated date that this item will be removed:

**CACH LLC** #14193247070200853
370 17TH STREET
SUITE 5000
DENVER, CO 80202
(877) 248-8343

Balance:            $7,126
Date Updated:       11/2007
Original Amount:    $7,126
Original Creditor:  08 BANK OF AMERICA N A
Past Due:           >$7,126‹

Pay Status:         ›COLLECTION ACCOUNT‹
Account Type:       OPEN ACCOUNT
Responsibility:     INDIVIDUAL ACCOUNT

Loan Type: COLLECTION AGENCY/ATTORNEY
Remarks: ›PLACED FOR COLLECTION‹
Date placed for collection: 02/2007
Estimated date that this item will be removed: 05/2011

Balance:
Date Updated:
High Balance:
Credit Limit:

Pay Status:
Account Type:
Responsibility:
Date Open:
Date Closed:
Date Paid:

Loan Type:
Remarks:
Estimated date that this item will be removed:



**To dispute online go to: http://transunion.com/disputeonline**

P 0ETEN-003 01038-I016596 C

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. SECTION 1692g, AS AMENDED

1. The amount of the debt is set forth in the complaint which is attached to this notice and the proceeding page.

2. The plaintiff as set forth in the attached summons and complaint is the creditor to whom the debt is owed, or is the servicing agent to whom the debt is owed.

3. The debtor may dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this notice. If the debtor fails to dispute the debt within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the debtor notifies the creditor's law firm in writing within thirty (30) days from receipt of this notice that the debt, or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor named as plaintiff in the attached summons and complaint is not the original creditor, and if the debtor makes a written request to the creditor's law firm within thirty (30) days of receipt of this notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written requests pursuant of this notice should be addressed to **FAIR DEBT COLLECTION CLERK, Law Office of Harold E. Scherr, 1064 Greenwood Blvd., Suite 328, Lake Mary, Florida 32746.**

7. **This communication is for the purpose of collecting a debt, and any information obtained will be used for that purpose.**

**PLEASE NOTE:**
**THE LAW DOES NOT REQUIRE PLAINTIFF/DEBT COLLECTOR TO WAIT UNTIL THE END OF THE THIRTY (30) DAY PERIOD TO INITIATE THIS ACTION TO COLLECT THIS DEBT. THEREFORE, THE THIRTY (30) DAY TIME PERIOD FOR REQUESTING VERIFICATION OF THE DEBT OWED TO THE PLAINTIFF IS DIFFERENT FROM THE TWENTY (20) DAY TIME PERIOD SET FORTH IN THE SUMMONS YOU HAVE RECEIVED WITH THE COMPLAINT IN THIS PACKAGE. ALTHOUGH YOU MUST RESPOND TO THE COMPLAINT WITHIN TWENTY (20) DAYS, YOU STILL HAVE A FULL THIRTY (30) DAYS TO REQUEST IN WRITING VERIFICATION OF THIS DEBT. IF, HOWEVER, YOU REQUEST VERIFICATION OF THE DEBT OR THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WITHIN THE THIRTY (30) DAY PERIOD WHICH BEGINS WITH YOUR RECEIPT OF THIS NOTICE, THE LAW REQUIRES THIS FIRM AND THE PLAINTIFF TO SUSPEND EFFORTS (THROUGH LITIGATION OR OTHERWISE) TO COLLECT THE DEBT UNTIL WE MAIL THE REQUESTED INFORMATION TO YOU.**



EXHIBIT
D

You or your attorney may contact Attorney Richard Valle at (407) 995-3004 or (866) 431-7117 to discuss settlement arrangements.

If a written agreement is TIMELY reached, you will not be required to attend court or respond to pleadings. In addition, you will not incur ADDITIONAL legal costs or attorney's fees BEYOND those mentioned below.

**Otherwise, you must respond as directed.**

## ACCOUNT INFORMATION

| | |
|---|---|
| Defendant: | ERICK J. PINTO |
| Original Creditor: | BANK OF AMERICA, N.A. |
| Original Account No: | 4800113991267480 |
| Current Account Holder: | CACH, LLC |
| CACV Account No: | 14193247070200853 |
| Principal: | $ 7,126.21 |
| Interest Accrued to Date: | $ 1,161.28 |
| Attorney's Fees Accrued to Date: | $ 712.62 |
| Legal Costs Accrued to Date: | $ 336.00 |
| Current Balance: | $ 9,336.11 |

**THIS IS AN ATTEMPT TO COLLECT A DEBT
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**IN THE EVENT YOU NOTIFY US IN WRITING WITHIN THIRTY DAYS THAT ANY PORTION OF THIS DEBT IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, AND A COPY OF THAT VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU. OTHERWISE, WE WILL ASSUME THE DEBT TO BE VALID. IN ADDITION, IF YOU SEND A WRITTEN REQUEST WITHIN THIRTY DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT THAN THE CURRENT CREDITOR.**

# 08-23296-CIV-HOEVELER/GARBER

**§JS 44** (Rev. 11/05)

## CIVIL COVER SHEET

FILED by _____ D.C.

ELECTRONIC

**NOV. 26, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C**

**I. (a) PLAINTIFFS**

ERICK PINTO

**DEFENDANTS**

CACH, LLC, et al.

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

LEO BUENO, ATTORNEY, P.A.
P.O. Box 141679, Coral Gables, FL 33114-1679
305-669-5260

Attorneys (If Known)

08cv23296-WMH/BLG

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

| **II. BASIS OF JURISDICTION** (Place an "X" in One Box Only) | **III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff (For Diversity Cases Only) and One Box for Defendant) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

☑ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

(OTHER STATUTES column: ☒ 470 Racketeer Influenced and Corrupt Organizations marked)

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):
a) Re-filed Case ☐ YES ☐ NO      b) Related Cases ☐ YES ☐ NO
JUDGE                           DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Violation of the Fair Debt Collection Practices Act, 15 U.S.C. Sec. 1692, et seq.

LENGTH OF TRIAL via  2  days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
November 26, 2008

FOR OFFICE USE ONLY
AMOUNT 350     RECEIPT # 544763     IFP